IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JORGE CARDONA TOMASSINI,

    Plaintiff,

       v.

CORRECTIONAL HEALTH SERVICES
CORPORATION, et. al.,

    Defendants.

CIVIL NO.: 09-2059 (MEL)

**OPINION AND ORDER**

Pending before the court is co-defendant Manuel Jiménez's motion to dismiss for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e, which co-defendant Correctional Health Services Corporation, Inc. has joined, and plaintiff Jorge Cardona Tomassini's response in opposition. (Docket Nos. 95, 98, and 106). For the reasons set forth below, defendants' motion is granted in part and denied in part, and plaintiff's claims are dismissed without prejudice.

    **I.**    **Factual and Procedural Background**

On October 13, 2009, Jorge Cardona Tomassini ("Cardona" or "plaintiff"), who was then under the custody of the Puerto Rico Department of Corrections at the Guerrero Aguadilla Correctional Facility, filed a pro se complaint against that facility and the Department of Corrections as well as Dr. Manuel Jiménez, alleging that he had not been receiving adequate medical treatment. (Docket No. 3). Plaintiff filed an amended complaint on February 5, 2010, after he was appointed counsel, which included co-defendant Correctional Health Services

Corporation.  (Docket No. 34).  On or about November 1, 2010, plaintiff was released from incarceration and filed a second amended complaint against Dr. Jiménez, Correctional Health Services Corporation, and Jesús González Cruz in his official capacity as the Secretary of the Puerto Rico Department of Corrections (collectively, "defendants").  (Docket No. 76).  The complaint alleges violations of Cardona's Eight Amendment rights via 28 U.S.C. § 1983 as well as a medical malpractice claim under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5141, the general tort statute.[1]

On December 16, 2011, Dr. Jiménez filed a motion to dismiss the complaint with prejudice for failure to exhaust administrative remedies as required by the PLRA.  (Docket No. 95).  Correctional Health Services Corporation joined the motion on December 20, 2011.  (Docket No. 98).  In his response in opposition, plaintiff concedes that he did not exhaust his administrative remedies and that dismissal is thus warranted.[2]  He argues, however, that the dismissal should be without prejudice because the PLRA's exhaustion requirement applies only to "prisoners," and, because he has been released from prison, the requirement no longer applies to him.  Because plaintiff only requests that the action be dismissed without prejudice, not that it be allowed to proceed, it appears he is not contending that the PLRA exhaustion requirement no longer applies to him in *this* action, but rather in any future action he may file if the case is dismissed without prejudice.[3]

---

[1] On November 21, 2011, all claims against Dr. Jiménez and Jesús González Cruz in their official capacities were dismissed.  (Docket No. 89).

[2] Plaintiff first concedes his failure to exhaust "for the sake of argument," (Docket No. 106, p. 2 n.1), but later concedes without qualification "the fact that he failed to exhaust administrative remedies under the PLRA."  (Docket No. 106, p. 5).

[3] The court refers to Cardona in the present tense for ease of reference, however, on January 26, 2012, the court was informed that he had passed away.  (Docket No. 110).  No motion for substitution has been filed as per Federal Rule of Civil Procedure 25, although under Puerto Rico law a decedent's heirs inherit his causes of action for personal injuries and civil rights violations.  See Mangual v. Toledo, 526 F. Supp. 2d 127, 134 (D.P.R. 2008) ("The law of Puerto Rico allows [plaintiff's] pain and suffering to transmit to his immediate heirs, who can bring an action claiming damages for the deceased's pain [under Section 1983 and Article 1802].");  Schroeder v. De Bertolo,  879

2

## II.     Applicable Legal Standards and Analysis

The PLRA requires prisoners to exhaust all available administrative remedies as a precondition to suit rights under Section 1983. 42 U.S.C. § 1997e(a). To satisfy the exhaustion requirement, "prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,'–rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007). The Supreme Court has held that the PLRA requires "proper exhaustion," not merely "ordinary exhaustion," meaning that a plaintiff must pursue the available administrative remedies in accordance with the relevant procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 88 (2006) (holding that the PLRA contains a procedural default requirement).

### A.     Plaintiff's Failure to Exhaust

In support of their motion, defendants have submitted a copy of the Regulation to Address the Applications for Administrative Remedies Filed by Members of the Correctional Population, promulgated by the Puerto Rico Department of Corrections, which sets forth the grievance process for inmates in Puerto Rico correctional facilities. (Docket No. 95-1). The regulation sets forth a five-tier review process, which need not be detailed here given that plaintiff concedes that he did not complete this process. See Cruz Berríos v. Oliver Baez, 792 F. Supp. 2d 224, 228-29 (D.P.R. 2011) (describing each of the five steps in the grievance process). Defendants have also submitted copies of several initial administrative complaints that plaintiff filed through the inmate grievance process along with a certification stating that he did not seek

---

F. Supp. 173, 179 (D.P.R. 1995) ("[A] man never dies with respect to his civil rights and obligations[,] which are not personal [,] but are transmitted to his heirs.") (quoting Manuel de Río-Torres, et al. v. Heirs of Rafael A. Cancel, et al., 36 P.R.R. 468, 470-71 (1927)).

reconsideration for any of these requests, which is the next step in the administrative review process. (Docket Nos. 104-1, 104-2).

The PLRA's administrative exhaustion requirement is a precondition to suit; therefore, whether it applies depends on the plaintiff's status at the time of filing the initial complaint. This is evident from the language of the statute, which states, in relevant part, that: "No action **shall be brought** with respect to prison conditions under section 1983 of this title, or any other Federal law, **by a prisoner confined** in any jail, prison, or other correctional facility until such administrative remedies as are available have been exhausted." 42 U.S.C. § 1997e(1a) (emphasis added). Therefore, the instant case remains an action brought by a prisoner, even if that prisoner has subsequently been released.[4] Courts faced with this question have routinely reached the same result, holding that "it is the plaintiff's status at the time he files suit that determines whether § 1997e(a)'s exhaustion provision applies." Norton v. City of Marietta, 432 F.3d 1145, 1150 (10th Cir. 2005); see Witzke v. Femal, 376 F.3d 744, 750 (7th Cir. 2004); Dixon v. Page, 291 F.3d 485, 488-89 (7th Cir. 2002); Ahmed v. Dragovich, 297 F.3d 201, 210 (3d Cir. 2002); Fahey v. Federal Bureau of Prisons, Civil No. 09-40066-RGS, 2009 WL 4841082, at *2 (D. Mass. Dec. 11, 2009); see also Rodríguez Meléndez v. Fortuño Burset, 2011 WL 3442471, at *3 n.1 (D.P.R. Aug. 8, 2011) ("While the First Circuit is silent on the issue, courts in other jurisdictions have found that the PLRA's definition of 'prisoner' extends to those who began their action while in prison and have since been released"). Courts have reached the same conclusion with respect to the PLRA's physical injury requirement, which also limits

---

[4] The PLRA defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. §§ 1997e(h).

actions "brought by a prisoner confined in a jail, prison, or other correctional facility." See Cox v. Mayer, 332 F.3d 422 (6th Cir. 2003); Harris v. Garner, 216 F.3d 970 (11th Cir. 2000).[5]

Plaintiff cites only one case reaching the opposite conclusion—that a plaintiff who files an action while incarcerated and is subsequently released can proceed with the same action without exhausting administrative remedies. Ovens v. Alaska Dep't of Corrections, No. A98-0199-CV, 2000 WL 34514101, at *3 (D. Alaska Mar. 13, 2000) (unpublished). This decision, however, is unconvincing as it relies on a holding from a factually distinct case. Id. at *3 (citing Page v. Torrey, 201 F.3d 1136 (9th Cir. 2000)). The plaintiff in Page had filed a complaint while he was civilly committed, subsequent to finishing his sentence in a correctional facility. 201 F.3d at 1140. The Ninth Circuit held that the PLRA exhaustion requirement did not apply to him as a civil detainee; rather "only individuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses, are 'prisoners' within the definition of 42 U.S.C. § 1997e." Therefore, the Ninth Circuit is, in fact, in accordance with the prevailing view that the plaintiff's confinement status at the time of filing the complaint determines whether the PLRA exhaustion requirement applies.

In the same vein, courts across jurisdictions have uniformly held that a plaintiff who brings a Section 1983 claim regarding prison conditions after release is not subject to the PLRA's exhaustion provision. "Indeed, a plain reading of the statute makes clear that one must be detained in order to be considered a prisoner." Rivera Rodríguez v. Pereira Castillo, Civil No. 04-1389 (HL), 2005 WL 290160, at *5-6 (D.P.R. Jan. 31, 2005) (holding that action filed after juvenile was released from custody was not subject to PLRA exhaustion requirement); see also Greig v. Goord, 169 F.3d 165, 167 (2d Cir. 1999); Doe v. Washington County, 150 F.3d 920,

---

[5] That subsection of the PLRA provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

924 (8th Cir. 1998); Kerr v. Puckett, 138 F.3d 321, 323 (7th Cir. 1998). Here, however, plaintiff filed this action while still incarcerated. In view of this, and because it is uncontested that he did not exhaust the available administrative remedies, dismissal of plaintiff's Section 1983 claims is proper.

### B.     Dismissal Without Prejudice

Dismissals solely for failure to exhaust administrative remedies under the PLRA are generally dismissals without prejudice. See Hernández Vásquez v. Ortiz Martínez, 2010 WL 132343, at *3 (D.P.R. Jan. 8, 2010) ("Failure to exhaust administrative remedies prior to bringing suit requires dismissal of plaintiff's claim without prejudice."); Abbot v. United States, 2001 WL 1636809, at *3 n.5 (D.P.R. Nov. 8, 2001) ("The PLRA mandates that dismissals based on failure to exhaust administrative remedies be without prejudice.") (citing Freytes v. Laboy, 143 F. Supp. 2d 187, 189 (D.P.R. 2001). Indeed, it appears that more often than not, dismissals in this court have been without prejudice. Compare, e.g., Maldonado Concepción v. Puerto Rico, 683 F. Supp. 2d 174, 176 (D.P.R. 2010) (dismissing claims for failure to exhaust); Montero Rivera v. Puerto Rico, 2010 WL 455001, at *2 (D.P.R. Feb 4, 2010); Figueroa Rivera v. Puerto Rico, 609 F. Supp. 2d 205, 207 (D.P.R. 2009); Meléndez Marrero v. Puerto Rico, 206 F. Supp. 2d 299 (D.P.R. 2002), with, e.g., Barbosa Orona v. Flores Dasta, 10-2267 (DRD), 2012 WL 489752 (D.P.R. Feb. 15, 2012) (dismissing claims with prejudice for failure to exhaust); Rodríguez Rodríguez v. García, 09-1094 (JAF/JP), 2011 WL 6057746 (D.P.R. Dec. 6, 2011); Cruz Berríos v. Oliver Baez, 792 F. Supp. 2d 224 (D.P.R. 2011).

Courts that have explained their rationale for dismissing without rather than with prejudice, have expressed the view that the failure to exhaust is a "temporary, curable, procedural flaw," which may be remedied allowing the claims to be properly reasserted. See

Fitzgerald v. Corrections Corp. of America, 403 F.3d 1134, 1139 (10th Cir. 2005); Snider v. Melindez, 199 F.3d 108 (2d Cir. 1999). On the other hand, because the Supreme Court has held that the PLRA contains a procedural default requirement, some courts have held that unexhausted claims should be dismissed with prejudice when it is clear that administrative remedies are no longer available because the claims have been rejected by the prison grievance system on procedural grounds. See Kikumura v. Osagie, 461 F.3d 1269, 1290 (10th Cir. 2006) ("Once a prison formally denies an inmate's grievance for untimeliness, and either the inmate does not challenge the basis for that decision or the court upholds the decision, the inmate's failure to exhaust is no longer a 'temporary, curable, procedural flaw.'"); Berry v. Kirk, 366 F.3d 85 (2d Cir. 2004) (holding that dismissal should be with prejudice where "exhaustion was required but administrative remedies have become unavailable after the prisoner had ample opportunity to use them and no special circumstances justified failure to exhaust."); Bryant v. Rich, 530 F.3d 1368, 1375 n. 11 (11th Cir. 2008) (in certain circumstances failure to exhaust administrative remedies may warrant dismissal of the action with prejudice). But see Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) (holding that all dismissals for non-exhaustion should be without prejudice, since, *inter alia*, "[s]tates may allow cure of failure to exhaust" or litigation in state court, and defenses to a new suit should be addressed directly in that suit.); Bell v. Konteh, 450 F.3d 651, 654-55 (6th Cir. 2006); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("[D]ismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits . . . the proper remedy is dismissal of the claim without prejudice.") (citations and quotations omitted); Aggers v. Tyson, Civil No. 07-1701, 2011 WL 2458083, at *6 (E.D. Cal. June 16, 2011) (declining to dismiss action with prejudice even where plaintiff procedurally defaulted in absence of controlling authority from Ninth Circuit).

In plaintiff's case, it is clear that administrative remedies are no longer available to him because he is no longer incarcerated. However, unlike the procedural default situation, this would not bar a future suit. To the contrary, in a subsequent action, he would not be hindered by the PLRA's administrative exhaustion requirement. Therefore, a dismissal without prejudice is warranted here.[6]

**III.    Conclusion**

Accordingly, for the foregoing reasons, defendants' motion to dismiss (Docket No. 95) is GRANTED IN PART AND DENIED IN PART and all of plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 7th day of May, 2012.

s/Marcos E. López<br>
U.S. Magistrate Judge

---

[6] Additionally, the court declines to exercise supplemental jurisdiction over plaintiff's claim under Article 1802 of the Puerto Rico Civil Code, P.R. Laws. Ann. tit. 31 § 5141. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); Rodríguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995).